UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

LAMONT WASHINGTON,

    Plaintiff,

vs.

MONTGOMERY COUNTY COMMON
PLEAS COURT, DOMESTIC RELATIONS
DIVISION, *et al.*,

    Defendants.

Case No. 3:17-cv-341

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) *PRO SE* PLAINTIFF'S COMPLAINT BE DISMISSED; AND (2) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

This *pro se* civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Lamont Washington ("Washington"). Washington filed a motion for leave to proceed *in forma pauperis* ("IFP") on August 25, 2017 (doc. 1), which the Court granted. Doc. 2. The Court, however, held service of the complaint pending a review under § 1915(e)(2). Doc. 3. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325. A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

In conducting this initial review under § 1915, the Court accepts *pro se* Plaintiff's allegations as true and construes them liberally in his favor. *See Donald v. Marshall*, No. 84-3231, 1985 WL 13183, at *1 (6th Cir. Apr. 5, 1985) (stating that, "[w]hen considering a *pro se* action for dismissal pursuant to 28 U.S.C. § 1915(d), the complaint should be liberally construed and the allegations of the complaint must be taken as true and construed in favor of the plaintiff"). However, while *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

## II.

Washington purports to assert federal claims arising out of an obligation to pay child support in the Montgomery County, Ohio Court of Common Pleas, Domestic Relations Division (hereinafter "the Domestic Relations Court"). Doc. 1-3 at PageID 11-17. It appears that Washington is in arrears in his child support payments in the amount of at least $22,643.71. *Id.*

at PageID 17. On September 12, 2017, a summons was issued to Washington to appear in the Domestic Relations Court to show cause as to why he should not be held in contempt as a result of his failure to pay child support obligations. *See id* at PageID 11-17.

In this case, Washington alleges that Defendants have violated certain federal statutes -- namely, the Social Security Act, the Fair Debt Collection Practices Act ("FDCPA"), and the Federal Reserve Act -- in their attempt to collect child support obligations. Doc. 4 at PageID 56. Defendants named in this complaint are: the Domestic Relations Court; the Montgomery County, Ohio Clerk of Court Gregory Brush; Judge Timothy D. Wood of the Domestic Relations Court; Magistrate Elaine M. Stoermer of the Domestic Relations Court; attorney Erin M. Otis of the Montgomery County Child Support Enforcement Agency ("CSEA"); attorney Travis E. Tinkham of the CSEA; and Angela D. Washington (Redd) -- Washington's former spouse -- to whom the support obligations were owed. Doc. 1-3 at PageID 11-17.

### III.

Initially, the undersigned notes that Washington, in his complaint, sets forth no factual allegations and, instead, pleads only legal conclusions. Doc. 4 at PageID 56. As a result, he fails to state a claim upon which relief can be granted and, therefore, his complaint should be dismissed on this basis alone. In addition, the attachments to his complaint evidence a pending child support enforcement proceedings in the state court and, in light of such pending case, abstention is appropriate. *See Jancuk v. Donofrio*, 181 F.3d 101 (6th Cir. 1999).

In addition to the foregoing, the undersigned further notes that all Defendants, except for Ms. Washington, are either officials of the Montgomery County Court of Common Pleas or attorneys representing the CSEA, entities that are arms of the State of Ohio. *See Mumford v. Basinski*, 105 F.3d 264, 270 (6th Cir. 1997); *Williams v. Leslie*, 28 F. App'x 387, 389 (6th Cir. 2002). Claims against these individual Defendants in their official capacities is essentially a

3

claim against the State of Ohio itself, *see Kentucky v. Graham*, 473 U.S. 159, 166 (1985), and the State is generally entitled to immunity under the Eleventh Amendment for claims seeking damages. *See Mumford*, 105 F.3d at 270; *see also Johnson v. Rogers*, No. 1:15-CV-638, 2015 WL 9471606, at *4 (S.D. Ohio Dec. 4, 2015).

Further, insofar as Washington may seek to assert individual capacity claims against Defendants, the undersigned notes that both Judge Wood and Magistrate Stoermer are entitled to absolute judicial immunity. *See Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997); *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Merchant v. Montgomery Cnty. Child Support Enf't Agency*, No. 3:06-CV-347, 2006 WL 3545452, at *2 (S.D. Ohio Dec. 8, 2006) (extending absolute judicial immunity to state court magistrates). In addition, child support enforcement attorneys Otis and Tinkham are entitled to prosecutorial immunity. *Davis v. Self*, 547 F. App'x 927, 932 (11th Cir. 2013); *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 397 n.11 (4th Cir. 1990); *Pierre v. Cristello*, No. CV 17-30105-KAR, 2017 WL 4768006, at *3 (D. Mass. Oct. 3, 2017); *Woodford v. Robillard*, No. 2:11-CV-370 CW, 2012 WL 1156400, at *4 (D. Utah Apr. 6, 2012); *Glover v. Missouri Child Support Enf't Agency*, No. 4:15CV00022 AGF, 2015 WL 4656488, at *3 (E.D. Mo. Aug. 5, 2015); *Fockaert v. Cty. of Humboldt*, No. C-98-2662-PJH, 1999 WL 30537, at *6 (N.D. Cal. Jan. 15, 1999).

Accordingly, based on all of the foregoing, the undersigned **RECOMMENDS** that Washington's *pro se* complaint should be dismissed.

Date:   October 30, 2017          s/ Michael J. Newman
                                  Michael J. Newman
                                  United States Magistrate Judge

# **NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).